SCHMIDT *v.* KREUGER.

[No. 15,292. Filed March 31, 1936.]

J. *Fred Masters* and *Emmanuel E. Buckler*, for appellant.

*White & Jones*, for appellee.

KIME, P. J.—This was an action on a promissory note, the verified complaint of one paragraph alleging that on January 31, 1913, appellee "together with her husband" executed the note herein sued on in the principal sum of $400.00 payable to the appellant; that $48.00 in interest had been paid thereon, to-wit: $24.00 on January 31, 1918, and $24.00 on December 9, 1924; that $300.00 in interest was due and that plaintiff was entitled to a $100.00 attorney's fee, making a total sum of $800.00. That "Fred Kreuger signer of the note" was deceased and his estate had never been administered upon and that he left no estate. That demand for payment had been made, and that a copy of the note was attached as an exhibit.

The complaint was filed May 10, 1933. Appellee filed thereto four paragraphs of answer, first, a general denial, a second paragraph setting up the ten-year statute of limitations, a third, pleading coverture, and a fourth, of confession and avoidance. Demurrers were overruled to the second and third paragraphs of answer and sustained to the fourth paragraph. Appellant then filed four paragraphs of reply, the first in general denial, the second alleging payment on the note by appellee to bring it within the statute, and a third alleging that the note was executed jointly with her husband, and a

fourth alleging the insolvency of the estate of appellee's husband.

The cause was submitted to the court for trial on those issues and the court made a finding for appellee and rendered judgment that the appellant take nothing by his complaint and that he pay the costs of the action. A motion for new trial, stating as grounds therefor that the decision was not sustained by sufficient evidence and that it was contrary to law, was overruled and that action, together with the assignment that "the court erred in overruling the appellant's demurrer to the second and third paragraphs of the appellee's answer," are the errors relied on for reversal.

The second paragraph of answer was good, as it sufficiently alleged the statute of limitations. All that is necessary in such an answer is a sufficient definiteness to enable a person of common understanding to know what was pleaded. Since there was one good answer it is not material whether the other was good or not as the one was sufficient upon which the court could base his finding. The court did not err in overruling the appellant's demurrer to this third paragraph of answer.

Since the second paragraph of answer was good the conflicting evidence made it possible for the court to believe the witness that he chose to and merely because the preponderance of testimony was the other way is not sufficient to reverse this judgment.

The execution of the note was admitted. There was evidence in the record by the appellee herself that this note had been paid and that there had been no payment upon the principal or interest thereon that would toll the running of the statute of limitations. Of course all of the appellant's evidence was to the effect that the note had not been paid and that there

had been payments of interest that would toll the running of the statute but the trial court saw these witnesses and heard them testify and had the right to believe or disbelieve any of them. This court can not weigh the evidence and where there is any evidence to sustain the trial court the judgment must be affirmed.

The judgment of the Marion Superior Court is, therefore, in all things affirmed.